Pearson, C. J.
In the State vs. Jarrett, 1 Ired, 84, this Court, taking the law to be that insolence on the part of a slave to a white man would justify a battery, but not an excessive one, awarded a venire de novo on the ground that the, instruction to the jury must be understood as having a reference to the testimony, and was in that sense erroneous ; and used the^e words: “ the language of His Honor, indeed, is, that “ if the prisoner used the provoking language testified by the witnesses, deceased had a’ right to whip lnm,” But by the word whip, he must necessarily be understood -as meaning t® “ whip in the manner testified by the witnesses ;” that is, with a knife and a fence rail.
In this case we think the prisoner -has a right to complain of the third instruction — i. e.} iCif the prisoner believed , and had reason to believe, that a mere trespass only was intended, and killed to prevent such trespass, it would be murder.” For, taking the law to be that a mere trespass to personal property does not mitigate where the killing is with a deadly weapon, but that a violent trespass to the person does mitigate,' this instruction must be understood as having reference to the kind of trespass spoken of by the witness ; and, in that sense, is erroneous. His Honor having, in the second instruction, presented the case to the jury on the footing that the deceased, and the party to which he belonged, -had proper authority to arrest the prisoner, in the instruction now under consideration, assumes that the deceased, and the party1 to which he belonged, were acting without proper authority, and that what they did, or intended to do, was a trespass, and must necessarily be understood as meaning the kind of trespass testified by the witnesses— that is, going to a man’s house in the night time, with a *104 number of armed men, for the purpose of seizing his body,. Killing to prevent a trespass of this nature is certainly no more than manslaughter.
It occurred to ns that this error might be cured by the' fifth instruction. On consideration, we are satisfied that that instruction cannot have this elfect, because it-is qualified and restricted by the words, “he not knowing what' was to follow..” On tlfe supposition that he did know what was to follow — that is, that they intended to arrest and take him off as a deserter — the killing was mitigated, unless they had proper authority to do so ; which view is not presented by this instruction, and, consequently, it dees not cure the error of the third instruction. The first and second instructions assume that there was proper authority to arrest; the other instructions assume that there was not. This most important question is 'left undis-posed of, and to that omission the want of clearness in the case is to-be ascribed.
As is said in Gaither vs. Ferebee, 1 Winston 315; “ his Honor has left the case to the jury in - such a manner, as to make it impossible for this Court to know what his opinion was on a question of law arising on the facts of the case, and, of course, making it impossible to review his decision’ ’ — unless his instructions are considered a» mere abstract positions of law, without reference to what was testified to by the witnesses.
There is,error; and this decision, must be certified to the Superior Court, to the end that it may proceed according to law.